**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **HARRY E. MAXEY, # 29652-080,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **Case No. 14-cv-1263-JPG** |
| | ) | |
| **JAMES CROSS,** | ) | |
| **DOUGLAS KRUSE,** | ) | |
| **and K. SCHNEIDER,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff is currently incarcerated at the Federal Correctional Institution at Greenville, Illinois, ("Greenville"), where he is serving a 78-month sentence. He initiated this action by filing a *pro se* "Emergency Motion" (Doc. 1) seeking a preliminary injunction, based on his claim that Defendants have violated the Eighth Amendment's prohibition against cruel and unusual punishment. Plaintiff suffers from post-polio syndrome as well as a number of other health problems. He asserts that Defendants have failed to provide him with a functional wheelchair and other items necessary to maintain his health and mobility.

Specifically, Plaintiff arrived at Greenville in March 2014 with a wheelchair that was inadequate to meet his medical needs. He requested the medical staff to provide him with a foam gel cushion because he had developed pressure sores due to the lack of padding on the wheelchair seat. He had been experiencing severe pain in his right leg and hip as a result. Two months later (in May 2014), he received the cushion (Doc. 1, p. 3). However, his wheelchair continued to give him problems and cause him pain.

Plaintiff requested Medical Administrator Pollman (who is not named as a Defendant) to get him a new or different chair that would meet his disability-related medical needs and relieve his pain.  She obtained a temporary replacement chair, but Plaintiff claims it was inadequate because it had design flaws.  In July 2014, a front wheel bearing on that chair "went out" while Plaintiff was being pushed in it, causing him to fall and sustain injuries (Doc. 1, p. 4).  He was given another replacement chair, but that chair was the wrong size and in poor condition, causing him to develop painful pressure sores.  Plaintiff's repaired chair was to have been returned to him in August 2014, but it was given to another inmate on an emergency basis.  Plaintiff saw the chair, and noted its rear wheels were bent and not lined up properly.

Around August 30, 2014, the gel-insert in Plaintiff's special foam gel cushion began to leak.  He asked medical staff to repair it.  A week later, Nurse Green returned the cushion to him, but the foam gel insert had been removed and had not been replaced.  Plaintiff explained that without the foam gel component, the cushion would not function to redistribute his weight and thus would not relieve or prevent his pressure sores.  He was informed by the medical staff that no further repair or replacement would be made to his cushion.

On or about September 1, 2014, Plaintiff was offered the "repaired" wheelchair which had the bent rear wheels.  He refused to accept it because he believed it was unsafe and could cause him to be injured.  He was initially told that he would be given a different used wheelchair.  However, on September 14, 2014, Administrator Pollman, Assistant Warden Escobell, and Defendant Warden Cross told Plaintiff that he would not get another chair (Doc. 1, p. 5).  On October 4, 2014, the left front wheel of the wheelchair he was using broke off, causing another painful fall.  He asserts that his Eighth Amendment rights have been violated, and requests the Court to appoint him an attorney and issue a preliminary injunction requiring Defendants to issue

him a proper wheelchair and provide him with medication (Doc. 1, p. 6).   Plaintiff never specifies what medication he believes he needs that has not been given to him.

Plaintiff did not file a complaint, which is the normal way to commence a civil action. FED. R. CIV. P. 3.; *see also* Advisory Committee Notes, 1937 Adoption.   Nonetheless, based on the allegations contained in Plaintiff's "emergency motion," the Court finds it appropriate to construe that document as a complaint for alleged violations of Plaintiff's constitutional rights by persons acting under the color of federal authority.   *See Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971).   Therefore the motion (Doc. 1) shall also be referred to below as the complaint.   As such, it is subject to a preliminary merits review pursuant to 28 U.S.C. § 1915A.

## Merits Review Pursuant to 28 U.S.C. § 1915A

Under § 1915A, the Court is required to conduct a prompt threshold review of the complaint, and to dismiss any claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from an immune defendant.

Accepting Plaintiff's allegations as true, the Court finds that Plaintiff has articulated a colorable federal claim that Medical Administrator Pollman and other unnamed Greenville medical staff were deliberately indifferent to his serious medical needs for a functional wheelchair and equipment to mitigate his painful pressure sores.   Because Plaintiff is seeking only injunctive relief, it is appropriate for the action to proceed against Defendant Warden Cross. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011) (proper defendant in a claim for injunctive relief is the government official responsible for ensuring any injunctive relief is carried out).

However, Defendants Kruse and Schneider shall be dismissed from the action at this time without prejudice.   Other than including their names in the caption of his pleading, Plaintiff does

not mention these individuals at all in the body of the complaint or in any of his factual allegations. Therefore, the Court cannot discern whether these Defendants are alleged to have violated Plaintiff's constitutional rights, or why it might be necessary to include them as parties in order to obtain the relief Plaintiff seeks. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption.").

## **Pending Motion for Preliminary Injunction (Doc. 1)**

While Plaintiff's initial document has been construed as his complaint, it still contains his motion for the issuance of a preliminary injunction. In order to obtain preliminary injunctive relief, Plaintiff must demonstrate that: (1) his underlying case has some likelihood of success on the merits; (2) no adequate remedy at law exists, and; (3) Plaintiff will suffer irreparable harm without the injunction. *Woods v. Buss*, 496 F.3d 620, 622 (7th Cir. 2007). If those three factors are shown, the district court must then balance the harm to each party and to the public interest from granting or denying the injunction. *Id.*; *Korte v. Sebelius*, 735 F.3d 654, 665 (7th Cir. 2013); *Cooper v. Salazar*, 196 F.3d 809, 813 (7th Cir. 1999).

Upon preliminary review, the Court finds that Plaintiff's motion warrants prompt consideration. Accordingly, Plaintiff's request for a preliminary injunction (Doc. 1) shall be **REFERRED** pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1(c) to a United States Magistrate Judge, who shall resolve the request as soon as practicable and issue a report and recommendation. If it becomes apparent that further action is necessary, the undersigned Judge should be notified immediately. Any motions filed after the date of this Order that relate to this request for injunctive relief or seek leave to amend the complaint are also hereby **REFERRED** to the United States Magistrate Judge.

**Other Pending Motions**

Plaintiff has filed a motion for leave to proceed *in forma pauperis* (Doc. 2), which shall be addressed in a separate Order of this Court.

Also contained in Doc. 1 is Plaintiff's request for the appointment of counsel.  This motion is **DENIED** without prejudice, because Plaintiff has not provided the Court with any information as to whether he has tried to obtain counsel on his own or whether he is unable to adequately represent himself in this matter.  If Plaintiff wishes the Court to reconsider this request, he must submit a proper motion for the recruitment of counsel.  To that end, the Clerk shall be directed to provide him with a blank form motion.

**Disposition**

The **CLERK** is **DIRECTED** to mail Plaintiff a blank form motion for the recruitment of counsel, and a blank civil rights complaint form, which he is encouraged to use if he should wish to file an amended complaint.

Defendants **KRUSE** and **SCHNEIDER** are **DISMISSED** from this action without prejudice.

The Clerk of Court is directed to complete, on Plaintiff's behalf, a summons and form USM-285 for service of process on Defendant **CROSS.**  The Clerk shall issue the completed summons, and prepare a service packet for the Defendant consisting of:  the completed summons, the completed form USM-285, a copy of the complaint (Doc. 1), and this memorandum and order.  The Clerk shall deliver the service packet for the Defendant to the United States Marshal Service for personal service on the Defendant.

Pursuant to Federal Rule of Civil Procedure 4, **within 14 days of the date of this Order (on or before December 1, 2014),** the United States Marshals Service **SHALL personally**

**serve** upon Defendant **CROSS** the service packet containing the summons, form USM-285, a copy of the complaint (Doc. 1), and this memorandum and order.  All costs of service shall be advanced by the United States, and the Clerk shall provide all necessary materials and copies to the United States Marshals Service.  The Court will not require Defendant to pay the full costs of formal service, as the Court is ordering personal service to expedite the resolution of Plaintiff's motion for preliminary injunctive relief.

Plaintiff shall serve upon Defendant (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendant or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to 28 U.S.C. § 636(b)(1)(B) and Pursuant to Local Rule 72.1(c), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings, including the resolution of Plaintiff's request for a preliminary injunction (Doc. 1) as soon as practicable, to include a report and recommendation.  If it becomes apparent that further action is necessary, the undersigned Judge should be notified immediately.

Further, this entire matter shall be **REFERRED** to the United States Magistrate Judge for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs

under § 1915, Plaintiff will be required to pay the full amount of the costs, even if his application to proceed *in forma pauperis* is granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against Plaintiff and remit the balance to Plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: November 18, 2014**

*s/J. Phil Gilbert*
United States District Judge